```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF KENTUCKY
               SOUTHERN DIVISION at PIKEVILLE
```

BRANDON T. HURLEY,              )
                                )
    Plaintiff,                  )        Case No.
                                )      7:20-CV-140-JMH
v.                              )
                                )    **MEMORANDUM OPINION and ORDER**
                                )
KILOLO KIJAKAZI,                )
ACTING COMMISSIONER OF SOCIAL   )
SECURITY,                       )
                                )
    Defendant.                  )

*****

Plaintiff applied for disability insurance benefits (DIB) in April of 2017, alleging disability beginning in February of that year due to physical injuries stemming from a work-related mining accident (Tr. 201-02, 223). His application was denied initially and on reconsideration (Tr. 87, 112). After holding a hearing (Tr. 33-75), an ALJ found Plaintiff not disabled (Tr. 12-24). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-5), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 405(g). This appeal followed. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). Fully briefed (DEs 11-12 and 18), the matter is ripe for review.

**FACTS**

Plaintiff was 29 years old at the time he alleges he became disabled due to physical limitations from a mining accident (Tr. 22, 223). The bulk of the medical records pertain to his treatment for physical injuries related to that accident (*see* Tr. 277-1679, 1692-1722). As Plaintiff has not challenged the ALJ's findings regarding his physical abilities and limitations, these treatment notes will not be discussed except to the extent they mention mental complaints. Similarly, Plaintiff has waived any challenge to the ALJ's findings regarding his physical abilities and limitations. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) ("[W]e limit our consideration to the particular points that Hollon appears to raise in her brief on appeal.").

During this extensive physical treatment, mental health concerns were mentioned on only a few occasions. For example, he once mentioned that he was not sleeping well and wanted a referral to a psychiatrist for increased depression (Tr. 1355, 1646 (duplicate)). At the same visit, he started anti-anxiety medications (Tr. 1358). And during a screening for depression, he was assessed with moderate depression, but made no specific complaints of depression and the provider did not diagnose depression at that visit (Tr. 1636).

State agency doctor Alex Guerrero, M.D., reviewed Plaintiff's

2

medical records and found that there was no evidence of a medically determinable mental impairment in the record (Tr. 106).

Melinda Fields, Ph.D., performed a psychological evaluation of Plaintiff (Tr. 168-87). She diagnosed PTSD from his work accident, depression, and panic disorder, noting that he would benefit from ongoing psychological and psychiatric treatment (Tr. 1687). She also completed an assessment in which she indicated that Plaintiff had moderate limitations in following work rules, using judgment in public, interacting with supervisors, functioning independently, performing simple job instructions, and demonstrating reliability; marked limitations in relating to coworkers, dealing with the public, dealing with work stresses, maintaining attention and concentration, performing detailed and complex job instructions, behaving in an emotionally stable manner, and relating predictably in social situations; and would miss more than two days of work per month due to his impairments and mental health treatment (Tr. 1688-90).

## ALJ's DECISION

After reviewing the record, the ALJ found that Plaintiff had non-severe anxiety, depression, and PTSD (Tr. 15-17). *See* 20 C.F.R. § 404.1522(a)(an impairment is non-severe if it did not significantly affect a claimant's ability to perform basic work activities). The ALJ did not find that Plaintiff had any specific work-related limitations stemming from his non-severe mental

3

impairments (Tr. 17-22). However, the ALJ ultimately found that Plaintiff could perform three unskilled occupations existing in significant numbers in the national economy (Tr. 23) and was thus not disabled under the Act (Tr. 23-24).

### STANDARD of REVIEW

As the Supreme Court recently held, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Biestek,* 139 S. Ct. at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations and citations omitted). A reviewing court may not try the case de novo, resolve conflicts in the evidence, or decide questions of believability. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). Even if the Court were to resolve the factual issues differently, the Commissioner's decision must stand if supported by substantial evidence. *See Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990). The court's inquiry "as is usually true in determining the substantiality of evidence, is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1157.

**ANALYSIS**

Plaintiff solely challenges the ALJ's findings with regard to his mental impairments, arguing that the ALJ erred in finding that he did not have any severe mental impairments and in finding Dr. Fields's opinion to be unpersuasive (DE 12, pages 4-6). On the other hand, the Commissioner contends that based on the record showing no history of specialized mental health treatment and only a handful of references to mental problems in the lengthy record, the ALJ's findings were reasonable and should not be disturbed on substantial evidence review.

The ALJ considered Plaintiff's depression, anxiety, and PTSD and found that they were not severe, *i.e.*, that they did not significantly affect his ability to perform basic work activities (Tr. 15). See 20 C.F.R. § 404.1522(a). In reaching that conclusion, the ALJ found that Plaintiff's mental impairments imposed no more than mild limitations in the "paragraph B criteria" (understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself) (Tr. 15-16). As the ALJ noted, Plaintiff routinely denied mental health symptoms during treatment for his physical impairments, and he did not report significant mental limitations in his application and questionnaire forms (Tr. 15-16; *see, e.g.*, Tr. 223 (application), 243-51 (function report), 1204-05, 1489, 1499, 1506, 1655 (treatment notes denying mental

5

health complaints)). The ALJ, however, concluded that Dr. Guerrero's finding that Plaintiff did not have any medically determinable mental impairments was unpersuasive because the record showed some mild limitations (Tr. 16; see Tr. 106). On the other hand, the ALJ found that Dr. Fields's opinion indicating that Plaintiff had moderate and marked mental limitations in many areas of work-related functioning was unpersuasive (Tr. 16).

Specifically, the ALJ found that Dr. Fields's opinion was not consistent with the record as a whole because there was not longitudinal evidence showing that Plaintiff sought regular mental health treatment (Tr. 16). *See* 20 C.F.R. § 404.1520c(c)(2) (consistency). Moreover, the ALJ noted that Dr. Fields's mental status examination findings were largely normal (Tr. 16; *see* Tr. 1685). And Plaintiff denied any history of significant mental health treatment to Dr. Fields, except some remote treatment when his father died when he was 16 years old (Tr. 16; *see* Tr. 1683-84). Additionally, the ALJ noted that Plaintiff largely denied mental symptoms in his function reports and reported no difficulties with memory, concentration, task completion, ability to understand, ability to get along with others, or ability to handle stress (Tr. 16; *see* Tr. 243-51). For these reasons, the ALJ found Dr. Fields's opinion indicating that Plaintiff had moderate or marked limitations in many areas of mental work-related functioning to be unpersuasive (Tr. 16).

6

**ANALYSIS**

Plaintiff takes issue with the ALJ's step two findings, arguing that the ALJ erred in rejecting both Dr. Fields's and Dr. Guerrero's opinions and in "com[ing] to his own conclusions as to the severity of [his] mental impairments" (DE 12, pages 5-6). But as stated, the ALJ—the factfinder—gave a number of reasons for finding Plaintiff's mental impairments to be non-severe at step two and in finding both doctors' conclusions to be unpersuasive (Tr. 16).

Moreover, Plaintiff's argument entirely overlooks the fact that the ALJ did not deny his claim at step two and instead proceeded on with the sequential evaluation process (Tr. 17-22).

In sum, the ALJ reasonably found, based on the record showing no specialized mental health treatment and only a handful of references to mental health complaints, that Plaintiff's mental impairments were non-severe. And even if, as Plaintiff suggests, the record supported a finding that Plaintiff had mental work-related limitations stemming from his anxiety, depression, and PTSD, the ALJ ultimately found that Plaintiff could perform three representative unskilled jobs, which are the least mentally demanding type of work possible. Plaintiff has not—and cannot—show any reversible error in the ALJ's decision, and it should not be disturbed on substantial evidence review. *See Biestek*, 139 S. Ct. at 1154 (the threshold for evidentiary

7

sufficiency under the substantial evidence standard is "not high"); *see also Shinseki v. Sander* 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination").

### CONCLUSION

Accordingly, the Commissioner's final decision shall be, and the same hereby is, **AFFIRMED.**

For the reasons stated above,

**IT IS HEREBY ORDERED:**

(1) That plaintiff's motion for summary judgment (DE 11) be, and the same hereby is, **DENIED.**

(2) That defendant's motion for summary judgment (DE 18) be, and the same hereby is, **GRANTED.**

A separate judgment in conformity herewith shall this date be entered.

This the 3rd day of November, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

8